﻿Citation Nr: 19158966
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-52 455
DATE: July 30, 2019

ORDER

An initial evaluation in excess of 10 percent for asbestosis for the period prior to March 3, 2016 is denied.

An evaluation in excess of 30 percent for asbestosis from March 3, 2016 is denied.

FINDINGS OF FACT

1. For the period prior to March 3, 2016, asbestosis was not productive of forced vital capacity (FVC) of 65 to 74 percent predicted or diffusion capacity of the lung for carbon monoxide by the single breath method (DLCO (SB)) of 56 to 65 percent predicted.

2. For the period from March 3, 2016, asbestosis was not productive of FVC of 50 to 64 percent predicted, DLCO (SB) of 40 to 55 percent predicted, or maximum exercise capacity of 15 to 20 ml/kg/min oxygen consumption with cardiorespiratory limitation.

CONCLUSIONS OF LAW

1. For the period prior to March 3, 2016, the criteria for a disability rating in excess of 10 percent for asbestosis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.97, Diagnostic Code 6833.

2. For the period from March 3, 2016, the criteria for a disability rating in excess of 30 percent for asbestosis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.97, Diagnostic Code 6833.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from April 1958 to August 1963. He passed away in May 2018. The Veteran’s surviving spouse has been substituted as the Appellant in this case.

This matter is on appeal to the Board of Veterans’ Appeals (Board) from a September 2012 rating decisions of a regional office (RO) of the Department of Veterans Affairs (VA). 

In October 2017, the Veteran and his spouse testified at a Travel Board hearing before the undersigned Veterans Law Judge. A copy of the transcript has been associated with the record. In December 2017, the matter was remanded by the Board for additional evidentiary development. 

Increased Rating

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

Asbestosis

Although the Board expresses great sympathy for the appellant’s loss of her husband, a review of all the evidence compels the conclusion that higher ratings are not warranted for the Veteran’s asbestosis. 

By way of background, the Veteran was granted service connection for asbestos exposure by a September 2012 rating decision and assigned an initial evaluation of 10 percent effective September 30, 2005. Thereafter, the RO increased the evaluation for asbestosis to 30 percent effective March 3, 2016. The Veteran’s asbestosis has been rated under Diagnostic Code 6833. 

Under Diagnostic Code 6833, asbestosis is rated under the General Rating Formula for Interstitial Lung Disease. 38 C.F.R. § 4.97, Diagnostic Codes 6825-6833. 

Under this formula, a 10 percent rating is assigned for forced vital capacity (FVC) of 75 to 80 percent predicted or diffusion capacity of the lung for carbon monoxide by the single breath method (DLCO (SB)) of 66 to 80 percent predicted. A 30 percent rating is warranted for FVC of 65 to 74 percent predicted or DLCO (SB) of 56 to 65 percent predicted. A 60 percent rating is warranted for FVC of 50 to 64 percent predicted, DLCO (SB) of 40 to 55 percent predicted, or maximum exercise capacity of 15 to 20 ml/kg/min oxygen consumption with cardiorespiratory limitation. A 100 percent rating is warranted for FVC less than 50 percent predicted, DLCO (SB) less than 40 percent predicted, maximum exercise capacity less than 15 ml/kg/min oxygen consumption with cardiorespiratory limitation, cor pulmonale or pulmonary hypertension, or a requirement of outpatient oxygen therapy.

Post-bronchodilator pulmonary function test (PFT) results are to be used when applying the evaluation criteria in the rating schedule unless the post-bronchodilator results were poorer than the pre-bronchodilator results. In those cases, the pre-bronchodilator values are to be used for rating purposes. 38 C.F.R. §4.96 (d)(5).

In August 2012, the Veteran was afforded a VA examination for his respiratory condition. Pulmonary function testing was conducted with post- bronchodilator findings of FVC 76 percent predicted and DLCO 85 percent predicted. 

VA treatment records of March 3, 2016 reflects worsening COPD. Pulmonary function test revealed post-bronchodilator findings of FVC 69 percent predicted and DLCO 90 percent predicted. The VA pulmonologist noted mild obstruction with significant bronchodilator response. There was no restriction and normal diffusion capacity indicated. 

VA treatment records of March 2, 2017 reflect another pulmonary function test was conducted showing post-bronchodilator findings of FVC 70 percent predicted and DLCO of 77 percent predicted. The VA pulmonologist noted mild obstruction and normal diffusion capacity. 

A February 2018 VA examination report reflects the Veteran’s report of recurrent episodes of shortness of breath. The examiner indicated that the Veteran’s shortness of breath was primarily caused by COPD but indicated that asbestosis did play a role in the Veteran’s dyspnea. Chest X-ray revealed that the Veteran’s lungs were clear. The examiner documented PFT results of March 2, 2017. 

With respect to the period prior to March 3, 2016, based on the objective findings of pulmonary function testing, the Board finds that an initial rating in excess of 10 percent for asbestosis is not warranted. The results of the April 2012 examination revealed FVC 76 percent predicted, which is consistent with a 10 percent rating under Diagnostic Code 6833. Further, the Board observes that the pulmonary function testing conducted with the April 2012 VA examination is an objective reflection of the Veteran’s asbestosis condition during that time and the record contains no evidence to the contrary. Additionally, there is no other objective indication that during this period on appeal the Veteran’s asbestosis was manifested by FVC of 65 to 74 percent predicted or DLCO (SB) of 56 to 65 percent predicted which is required for the next higher 30 percent rating under Diagnostic Code 6833. Accordingly, an initial rating in excess of 10 percent prior to March 3, 2016 is not warranted.

Likewise, for the period from March 3, 2016, the Board finds that the Veteran is adequately compensated by the assigned 30 percent evaluation, and a higher rating is not warranted for asbestosis. Higher ratings are available for FVC of 50 to 64 percent predicted, DLCO (SB) of 40 to 55 percent predicted, or maximum exercise capacity of 15 to 20 ml/kg/min oxygen consumption with cardiorespiratory limitation. Here, the evidence weighs against such manifestations. During this period on appeal, the Veteran’s PFT results showed findings no worse than FVC of 69 to 70, and records reflecting normal diffusion capacity consistently indicated by VA pulmonologists of March 2016 and 2017. There are no readings during this period which would warrant a higher rating. 

The Board notes that asbestosis is rated based on objective testing, and accordingly, the medical evidence does not meet the criteria for higher ratings for the Veteran’s asbestosis. 

For these reasons, the Board finds that an evaluation in excess of 30 percent is not warranted for the period from March 3, 2016. 

The Board would like to express that it is extremely sympathetic toward the appellant’s claim and is deeply appreciative of the Veteran’s military service. Unfortunately, the preponderance of the evidence is against the appellant’s claim for higher ratings and the claim must be denied.

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. An, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.